UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY SAVEEDRA,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 2:13-cv-1499 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, and paid the filing fee for this action. Plaintiff claims venue is proper in the Sacramento Division of the Eastern District of California because California Department of Corrections and Rehabilitation officials named as defendants reside in, and have their offices in, the Sacramento Division of this court.

The federal venue statute provides that a civil action

> may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

1

1    Upon reviewing the complaint, the court finds that venue is more appropriate over this
2 civil action in the Fresno Division of this court.  Plaintiff has been housed in the Secured Housing
3 Unit ("SHU") located at the California State Prison in Corcoran ("CSP") since January of 2008.
4 Plaintiff challenges, inter alia, the November 12, 2010 finding that plaintiff be "re-validated" as
5 an "associate" of the "Mexican Mafia."  (ECF No. 1 at 16.)  Plaintiff claims that the source items
6 used to re-validate his gang status are unreliable, and that there was no independent corroboration
7 to support them.  Plaintiff also challenges the annual and 180 day periodic reviews of his gang
8 status.  In addition, plaintiff alleges that because of his solitary and lengthy SHU confinement,
9 plaintiff has suffered unsanitary food preparation and service, inadequate cleaning supplies, and
10 deliberate indifference to his serious mental health needs by defendants other than those named in
11 connection with plaintiff's gang validation claims.  Plaintiff also raises unrelated First
12 Amendment claims against certain defendants while he was housed at CSP, including alleged
13 retaliation, and alleged denial of access to the courts.
14    Twenty-three of the 26 named defendants work at CSP in Corcoran.  Plaintiff included no
15 charging allegations as to defendants Kernan or Chaus.  In the parties section of his complaint,
16 plaintiff identified defendant Kernan as the California Department of Corrections and
17 Rehabilitation ("CDCR") Undersecretary and Operations Director, responsible for the overall
18 operation of the Office of Correctional Safety ("OCS"), and all SHUs within the CDCR.  (ECF
19 No. 1 at 4.)  Plaintiff identified defendant Chaus as the Chief of OCS, charged with investigation
20 and validation of prisoner's gang status, and states that defendant Chaus "oversaw and ran the
21 OCS and its agents."  (ECF No. 1 at 4.)  However, plaintiff alleged no facts demonstrating an
22 actual connection or link between the actions of defendants Kernan and Chaus and the
23 deprivations alleged to have been suffered by plaintiff.  Thus, defendants Kernan and Chaus are
24 named solely under a theory of respondeat superior, and are subject to dismissal.  See Fayle v.
25 Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal
26 participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is
27 no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).
28 ////

In addition, witnesses and the evidence necessary for the resolution of plaintiffs' claims would appear to be more readily available within the boundaries of the Fresno Division of this court. All of plaintiff's relevant hearings and periodic gang status reviews at issue here, as well as the factual allegations underlying his conditions of confinement claims, occurred at CSP.

Therefore, in the interest of justice, the court will transfer this action to the Fresno Division of the court. See 28 U.S.C. § 1404(a) and Local Rule 120(f).

Good cause appearing, IT IS HEREBY ORDERED that:

1. This action is transferred to the United States District Court for the Eastern District of California sitting in Fresno; and

2. All future filings shall reference the new Fresno case number assigned and shall be filed at:

> United States District Court
> Eastern District of California
> 2500 Tulare Street
> Fresno, CA 93721

Dated: June 6, 2014

/saav1499.tf

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3