UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. SAAVEDRA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendants. | 1:14-cv-00870-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 11.) |

**I.  RELEVANT PROCEDURAL HISTORY**

Michael A. Saavedra ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 25, 2013, in the Sacramento Division of the U.S. District Court for the Eastern District of California.  (Doc. 1.)

On August 12, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 4.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the Magistrate Judge shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).[1]

---

[1] On August 12, 2013, Plaintiff filed a form consenting to the jurisdiction of a Magistrate Judge.  (Doc. 4.)  Subsequently, on July 7, 2014, Plaintiff filed a form declining the jurisdiction of a Magistrate Judge.  (Doc. 12.)  Plaintiff may not withdraw his consent in this manner.  Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party."  Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b).  There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.  Dixon at 480.  In this case, Plaintiff has not shown good cause or extraordinary circumstances for the court to withdraw the reference of this case to a Magistrate Judge.

1

On June 9, 2014, the case was transferred to the Fresno Division court.  (Doc. 9.)  On July 7, 2014, Plaintiff filed a motion for consideration of the order transferring the case.  (Doc. 11.)

## II.   MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff's arguments are unpersuasive. As Plaintiff was advised in the court's transfer order of June 9, 2014, "[t]wenty-three of the 26 named defendants work at CSP in Corcoran," which is located within the Fresno Division of the Eastern District of California. (Doc. 9 at 2:14.) Moreover, the events upon which this action is based occurred at CSP in Corcoran, where Plaintiff is presently incarcerated. These facts alone are sufficient to demonstrate that the transfer was appropriate under 28 U.S.C. § 1391(b) (a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.") Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on July 7, 2014, is DENIED.

IT IS SO ORDERED.

Dated:  **July 9, 2014**                **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE