1

2

3

4

5

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8                        **EASTERN DISTRICT OF CALIFORNIA**

9

10   MICHAEL A. SAAVEDRA,                    CASE NO.  1:14-cv-00870-LJO-EPG (PC)

11                   Plaintiff,              DISCOVERY ORDER FOLLOWING RULE
                                             16 SCHEDULING CONFERENCE
12           v.
                                             ORDER GRANTING LIMITED STAY OF
13   SCOTT KERNAN, ET AL.,                   DISCOVERY TO FACILITATE EARLY
                                             SETTLEMENT DISCUSSIONS
14                   Defendants.

15

16           Michael Anthony Saavedra ("Plaintiff") was a state prisoner proceeding *pro se* in this civil

     rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is no longer incarcerated.
17
             Plaintiff filed the Complaint commencing this action on July 25, 2013. (ECF No. 1.)  On
18
     August 24, 2015, Plaintiff filed the First Amended Complaint.  (ECF No. 15.)  This case is
19
     proceeding on Plaintiff's claims found cognizable by the Court after screening the First Amended
20
     Complaint pursuant to 28 U.S.C. § 1915A on June 27, 2016.[1]  (ECF Nos. 18-21.)
21
             The cognizable claims in the First Amended Complaint are based primarily on allegations
22
     that Plaintiff was wrongfully retained in the Security Housing Unit (SHU) in solitary confinement
23

24   _____
             [1] The Court found that Plaintiff's First Amended Complaint states the following
25   cognizable claims:  (1) Lack of due process against Defendants Chaus, McClure, Pina, Ruiz,
     Ortega, Gipson, Soliman, Castro, and Beer; (2) Violation of the Eighth Amendment based on
26   conditions of confinement against Defendants Casillas, Ramirez, Hayse, Lerma, and Navarro; (3)
     Retaliation in violation of the First Amendment against Defendants Beer and Hayse; and (4)
27   Obstruction of legal mail in violation of the First Amendment against Defendants Gutierrez-
     Russell, Navarro, and Ortega. (ECF No. 18 at 18-19.)  The Court also found that Plaintiff's First
     Amended Complaint fails to state a claim against any other defendants or any other claims against
28   those defendants. (Id. at 19.)

                                                    1

for over a decade on the basis of coerced, erroneous, false, unreliable and unreasonable allegations of gang activity without Due Process of the law. He claims that he was not given sufficient notice of information used to validate his gang membership, could not adequately prepare and present his views, did not have a meaningful opportunity to present any views to the critical decision maker, and was not given any meaningful periodic review.

This Court conducted a mandatory scheduling conference on September 26, 2016. Plaintiff Michael A. Saavedra appeared on his own behalf. Counsel Laraya M. Parnell telephonically appeared on behalf of the Defendants. Various issues concerning discovery were addressed in the hearing. This order addresses two of the issues: 1) the production/briefing schedule concerning claims of privilege/confidentiality regarding documents related to Plaintiff's gang revalidation; and 2) the stay of discovery to facilitate early settlement negotiations.

### A. Legal Standard

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Furthermore, discoverable information "need not be admissible in evidence." Id.

Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). See also Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.") Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." In re

Arizona, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a Martinez report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery").

**B. Production/Briefing Schedule re: Gang Revalidation Documents**

Based on the allegations of this case, which largely concern the sufficiency of the evidence used to validate Plaintiff as a gang member, as well as information provided in the initial disclosures process, it is clear that discoverability of evidence used to validate Plaintiff's gang membership will be an important discovery issue in this case. At the initial scheduling conference, Plaintiff took the position that he would seek such evidence, and indeed had a due process right to review such evidence. Defendants took the position that such evidence was confidential and would not be disclosed to the Plaintiff in discovery.

Accordingly, pursuant to its Rule 16 authority, the Court set forth a briefing schedule for resolving claims of privilege and/or confidentiality regarding the gang revalidation documents during the discovery period:[2]

- To the extent Defendants claim that any documents or evidence used to validate or revalidate Plaintiff's gang membership should be withheld from Plaintiff during discovery, due to confidentiality or privilege, they should file a motion on or before May 22, 2017, setting forth their argument. Defendants shall provide the Court with a

---

[2] At the hearing, Defense counsel objected to any such briefing schedule unless and until Plaintiff served a formal Rule 34 request for production and Defendants had filed their objections. The Court overruled this objection and set forth the briefing schedule described in this order. Under Rule 16 of the Federal Rules of Civil Procedure, the Court may "consider and take appropriate action" on matters including "controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37," and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." It is clear from the substance of the complaint, initial disclosures, and statements at the initial scheduling conference that Plaintiff requests the evidence used to validate his gang membership and that defendants object. Defendants offered no reason to wait for the formal discovery request and response other than to delay resolution of this important issue. Notably, the Court is not ordering discovery at this time—rather it is ordering legal briefing on the discoverability of critical documents in this case. Nevertheless, it is also worth noting that the Advisory Committee Notes to Rule 26 provide that "The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request." The Court also takes notice of the growing common practice, especially in this district, of resolving discovery disputes through informal hearings short of formal motions to compel for the sake of efficiency of all parties and the Court and to expedite litigation.

privilege log providing sufficient identification of the documents Defendants claim to be confidential/privileged.

- On or before June 19, 2017, Plaintiff may file a response to the motion.
- On or before July 3, 2017, Defendants may file a reply.

The Court will take the issue under submission at this time. The Court may require *in camera* review of any such documents.

### C. Limited Stay of Discovery

Following negotiations on the record between the parties, the Court granted a limited stay of discovery relieving the parties' obligation to provide documents in discovery until after a settlement conference, which has now been set for June 8, 2017. The parties may still serve discovery requests and provide written responses in the time required by the rules. (Nothing in this stay modifies the briefing schedule set above in section B.)

This limited stay of discovery will expire on June 9, 2017 in the event the case does not settle at that time.

IT IS SO ORDERED.

Dated:   **April 20, 2017**        /s/ _Erica P. Grosjean_
                                   UNITED STATES MAGISTRATE JUDGE